### FRENCH v. FRENCH et al.

#### (Supreme Court, Appellate Term.   March 8, 1912.)

1. EVIDENCE (§ 142*)—MARKET PRICE—PUBLIC SALE.

   A public sale, properly conducted, does not furnish evidence of market price, because not based on any fixed value.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. § 142.*]

2. EVIDENCE (§ 442*)—PAROL EVIDENCE—ADMISSIBILITY.

   An instrument, substantially a chattel mortgage, stipulating for a sale at public auction, and requiring the mortgagee to sell the chattels in lots arranged by the mortgagor, evidences the entire agreement of the parties, and parol testimony of an agreement for the place of sale is inadmissible as varying the instrument.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 442.*]

Appeal from City Court of New York, Trial Term.

Action by Helen A. French against Charles T. French and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

See, also, 125 N. Y. Supp. 1099.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

George W. Glaze (Stillman F. Kneeland, of counsel), for appellants. Studin & Sonnenberg (Charles H. Studin, of counsel), for respondent.

BIJUR, J.   This action was brought to recover damages sustained by plaintiff for a loss alleged to have been caused by reason of a sale

by defendants. of certain household effects.   Prior to March 17, 1902, the plaintiff, having her household effects stored in the Metropolitan Storage Warehouse on Sixty-Sixth street, near Columbus avenue, and finding herself unable to pay any but a small part of the accumulated storage charge, applied to defendants for a loan of $900.   On March 17th two instruments in writing were executed (amounting to substantially a chattel mortgage), by the first of which plaintiff assigned to defendants the property in storage, and by the other the defendants, in consideration of the bill of sale, agreed to dispose of`the property at public auction within 60 days, and to apply the proceeds to the repayment of their loan and to. pay the balance to the plaintiff. This second agreement also contained the following clause:

"We also agree to sell the said property in the manner which the said Helen A. French may desire; that is to say, the said property shall be sold by lots arranged by said Helen A. French."

On March 19th plaintiff signed a consent that the sale might take place any time before December 1, 1902; but, as there is no claim of liability in reference to the date of sale, that may be disregarded.

Plaintiff claims that it was orally arranged between defendants and herself that the mortgaged property should be sold at Silo's Auction Rooms, on Fifth avenue, and that it was actually sold at the Metropolitan Storage Warehouse, where, according to the testimony of a man experienced in such matters, produced by her, it brought prices far lower than would have been realized at a sale at Silo's. Defendants objected to the testimony as to the oral agreement prior to the written contract as incompetent under familiar rules, denied the making of even the oral agreement, and produced, as witness against plaintiff's contentions, Mr. Silo himself, from whose testimony it may fairly be gathered that, in his opinion, these particular household goods sold as advantageously at the warehouse as they would have at his own establishment.   It was further shown that some of the finer pieces of furniture which were "bought in" by one of the defendants himself, were shortly thereafter resold at Silo's, and there brought prices in some instances but a fraction of what plaintiff's expert testified would be realized at Silo's, and in some instances considerably less than defendant had himself paid for them at the warehouse sale.

[1] It may be said at the outset that the measure of damage, apparently acquiesced in by defendants, namely, the difference between the prices realized at the public sale at the warehouse and that which would have been realized at a public sale at Silo's, is so far as I know unprecedented, and to my mind, paradoxical.   While a public sale properly conducted may be a guaranty of fairness, and may afford the party for whose account it is held ample opportunity to protect his interests, it is not a gauge of market prices, as in its very nature it is not based upon any fixed value or valuation.   Although, as said before, no objection was interposed by defendants on the score of improper measure of damages, there still remains the grave question whether plaintiff has sustained the burden of proof of the vague issue of loss by reason of the alleged difference between actual and *pos-*

*sible* prices. Were it necessary to decide that point, I should be inclined to hold that she had not.

[2] There is, however, a determinative question of law involved in the main appeal, namely, the competency of the testimony as to, an oral agreement or understanding preceding the written agreements of March 17th. These agreements appear on their face to be complete and to comprise the entire arrangement between the parties. The *subject-matter* of the sale of the property is treated at length, and even a subdivision of this subject-matter, namely, the manner of the sale, is dealt with to the extent of prescribing that it shall be sold by lots arranged by plaintiff. Under such circumstances the decisions are perfectly clear to the effect that oral testimony is inadmissible to vary the instrument, or to limit or cut down the rights of the defendants thereunder, or to add a new stipulation concerning "subject-matter" covered in the written agreement. Lese v. Lamprecht, 196 N. Y. 32, 36, 89 N. E. 365; Stowell v. Greenwich Life Ins. Co., 163 N. Y. 298, 306, 57 N. E. 480.; Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837. The true rule is only emphasized by cases cited by respondent, such as Bagley & Sewall Co. v. Saranac River Pulp & Paper Co., 135 N. Y. 626–629, 32 N. E. 132, Thomas v. Scutt, 127 N. Y. 133–138, 27 N. E. 961, and Case v. Phœnix Bridge Co., 134 N. Y. 78, 31 N. E. 254.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

GUY, J., concurs. SEABURY, J., concurs in result.